A. SPURLOCK, ASSIGNEE, ETC., *v.* REUBEN JOHNSON, ETC.

**Vendor and Purchaser—Deficit—General Rule as to Remuneration.**

The general rule is that where the vendor of land is unable to make title to the whole tract sold and his vendee is willing to accept title for so much as he is able to convey, he shall make remuneration in damages or deduct from the price the proportional price of the whole tract for so much as he is unable to convey.

**Vendor and Purchaser—Deficit—Special Value of Tract Not Conveyed—Pleadings.**

In an action by a vendee to recover damages for deficit in land sold, the general rule will prevail, unless there is an allegation in the petition sustained by the proof, showing that the land which the vendor could not convey was more valuable per acre than that which he could convey.

---

APPEAL FROM ROCKCASTLE CIRCUIT COURT.

April 14, 1871.

OPINION BY JUDGE PETERS:

The terms of the title bond executed by Rowlett, in which he sells what was known as the Clark tract, binds him to convey

one hundred and seven acres, and for the ascertained deficit he certainly is responsible, and so the court below adjudged, but made him pay more for the deficit than the proportional price of the whole tract which was sold to appellee at the price of seven dollars, twenty-four cents and a fraction per acre, while twenty dollars per acre were allowed in the judgment for the deficiency; and whether or not the court below erred in so adjusting the price therefor is the main question presented in this appeal.

The general rule is that where the vendor of land is unable to make title to the whole tract sold, and his vendee is willing to accept title for so much as he is able to convey, he shall make remuneration in damages or deduct from the price, the proportional price of the whole tract for so much as he is unable to convey, unless there are some elements rendering the part not conveyed of more value than that which was. In this case there is no averment of facts in the cross-petition showing that the land which the vendor could not convey was more valuable per acre than that which was conveyed, the land appears to have been purchased for tillage by appellees. The boundaries were well known to them before they purchased, as was the quality of the soil, and it is not improbable that they knew better than their vendor what number of acres were in the tract, as one of them lived adjoining it, and had known it longer than Rowlett had and no facts are stated in the pleadings, and none are proved to take the mode of estimating the allowance for the deficit out of the general rule, indeed appellees pray that the allowance therefore may be made *pro rata.*

The court below having adopted an improper criterion of value for the land Rowlett was unable to convey, which was prejudicial to appellant, the judgment must be *reversed,* and the cause remanded with directions to allow appellees credit on the unpaid price for the deficiency, at the same rate per acre that they by their contract agreed to pay per acre for the whole tract, and for further proceedings consistent herewith.

*Carter,* for appellants.

*Holman,* for appellee.